"This case is before the court on defendant’s motion for summary judgment, and plaintiffs opposition thereto. There is no cross-motion here, but there is a motion by plaintiff for sanctions which is now pending before the trial judge.
_ "Plaintiff has petitioned for redetermination of alleged excessive profits as initially determined by the Renegotiation Board, 50 U.S.C. App. § 1218. The fiscal years involved ended February 28, 1967, 1968, 1969, and 1970. Defendant set about an FBI audit, as its custom has long been in such cases. It was discovered that in October 1974 certain records at the Tappan Division of the plaintiff had been destroyed. These included sales journals and sales invoices of the Tappan and other divisions, necessary on audit to establish the allocation of sales between renegotiable and non-renegotiable business. In October 1974, these records had ceased to be of interest to the Internal Revenue Service or the Renegotiation Board. The Board’s unilateral orders were issued on January 24, 1975. We may take notice that in October 1974, quite possibly the Board’s position was set, the case was already at an impasse, and plaintiff then knew or should have known that in the event of litigation, concern for and interest in its records would pass to another team who would not necessarily be satisfied with what had satisfied the Renegotiation Board. Allegedly, the records were destroyed to permit subleasing of part of plaintiffs plant, but it is admitted that no such sublease was ever made. However, it would be futile to destroy records in anticipation of litigation if they could be reconstructed, and plaintiff says that for all necessary purposes, they could be. We note that in renegotiation, a *1082 broad brush is used. Accuracy to the last penny is not a requisite.
"Defendant says it is now impossible for plaintiff to prove the accuracy of its renegotiable costs and sales data, in a context of mixed renegotiable and non-renegotiable business. Therefore, it cannot sustain the burden of proof as to these matters, assigned to it in Lykes Bros. Steamship Co. v. United States, 198 Ct. Cl. 312, 459 F.2d 1393 (1972). Resort to secondary evidence is barred, defendant says, because plaintiff cannot meet the precondition in Federal Rule of Evidence 1004(1) that it lost or destroyed the primary evidence other than in bad faith.
"We think that on summary judgment we cannot hold the destruction was in bad faith, suspicious as the circumstances may be. If relevant, this is a fact issue for our trier of fact to resolve. The parties also are wide apart as to the feasibility of reconstructing the lost records from secondary sources. This too is for the trier of fact. Defendant has thus raised issues we must rely on the trial judge to resolve. A motion which takes the case from the Trial Division is inappropriate.
"We are also of the opinion that as a matter of practice in this court, suspected hanky-panky by a party with the evidence can normally be dealt with by sanctions under Rule 76 after proper preliminary steps. This is true even though the misconduct was before suit was brought if the controversy was well under way and suit was to be anticipated. If the misconduct reaches the level of absolute fraud, this may not be true, for the claim, (if it is a claim) is then forfeitable. 28 U.S.C. § 2514. If it is short of fraud, the matter would be for the Trial Division under Rule 76, which cannot forfeit a claim, but can construct sanctions to suit the case, which may be well short of forfeiture, or may by their severity be tantamount to forfeiture, subject of course to review by the judges under our rules. Thus, our denial of summary judgment does not remit defendant to going to trial, as it fears, with the effect of the destruction of evidence undetermined and the allocation of renegotiable sales still at issue.
"We note that plaintiff has made a motion for sanctions, for it, too, questions the propriety of its opponent’s dealings *1083 with evidence. In view of this, and to save time, instead of denying the motion for summary judgment without prejudice to sanctions, we elect to deem it as itself a motion for sanctions and remand it to the Trial Division for further proceedings. Both motions can then be treated simultaneously as cross-motions, which should make it easier for the trial judge to reach a resolution fair to all, and to get the case moving again.
"it is so ordered.”